JOEL MENCHER, Plaintiff, *v.* WILLIAM T. ALDEN et al., Defendants.

Supreme Court, Special Term, New York County, May 17, 1943.

*Osborne A. McKegney* and *Sydney Goldstein* for plaintiff.

*Albert R. Connelly* for W. W. Colpitts and Walter S. Mack, Jr., defendants.

*Jules Haberman* for Celotex Corporation, defendant.

BERNSTEIN, J. This is a motion by the defendants Colpitts and Mack for judgment dismissing the amended complaint for insufficiency. It is based upon their contention that not only does it fail to state a good cause of action but that the cause attempted to be pleaded therein has already been held insufficient by the court on its dismissal of the original complaint.

That complaint sought to have the defendants account to The Celotex Corporation for (1) the improper adoption of incentive compensation plans for certain of its officers and employees for the years 1939, 1940, 1941 and 1942, (2) the miscomputation of the bonuses paid to them under those plans, and (3) the general excessiveness of the compensation paid to the president of the corporation. It was dismissed upon the ground that its allegations were " conclusory " and indicated merely " a difference of opinion between a stockholder and the directors as to the measure of compensation for services rendered and resting upon no factual foundation " (N. Y. L. J. March 16, 1943, p. 1038).

The amended complaint, served pursuant to permission, has discarded the attack upon the plans as adopted and upon the excessiveness of the president's compensation, and confined its criticism to the alleged miscomputation of the compensation authorized by the plan for the single year of 1941, and the overpayment of approximately $90,000 as a result thereof. Specifically, it rests upon the charge that while the plan provided that for the purpose of computing the bonus, " federal income taxes " were not to be deducted from the consolidated net earnings (the bonus base), the defendants also failed to deduct (a) excess profits taxes of $469,000 and (b) other income and contingent taxes of $169,966.95, and that the effect of inflating the consolidated net earnings by failing to deduct those amounts resulted in the overpayment of bonuses to the extent of $90,000. This criticism of the action of the directors presents the single question as to whether excess profits taxes and other income and contingent taxes are "; federal income taxes ".

While this question was present in the attack on the original complaint and, with others, was discussed by counsel, the decision did not turn upon it. Hence, it must now be considered in the light of the allegations of the amended complaint and of

the meaning of the terms " excess profits taxes " and " other income and contingent taxes ".

The excess profits tax is clearly a Federal income tax. The Second Revenue Act of 1940, approved October 8, 1940, which added the excess profits tax provisions to the First Revenue Act of 1940, expressly included that tax among " Additional Income Taxes ". (U. S. Code, tit. 26, § 710 *et seq.*) It is merely the additional income tax imposed on corporations, which the directors had a right to treat as all other Federal income taxes, under the terms of their resolution of 1941. Their failure to deduct them from the consolidated net earnings for that year consequently did not constitute a miscomputation. The " other income and contingent taxes " referred to in the amended complaint is a meaningless phrase. If it has reference to Federal income taxes, the failure to deduct them was clearly within the terms of the resolution. If it has reference to State or local taxes, that may not be so. As stated in the amended complaint it does not constitute such a plain and concise statement of a material fact as is required of a pleading.

The motion for judgment dismissing the amended complaint is granted, with leave to the plaintiff, if he be so advised, to serve a second amended complaint within ten days after the service of a copy of the order entered hereon with notice of its entry. Order signed.